IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,            :
                                     :
             Plaintiff,              :
                                     :Criminal Action No. 04-144-6-JJF
        v.                           :
                                     :
JESUS SARRAGA-SOLANA,                :
                                     :
             Defendant.              :

Adam Safwat, Esquire, United States Attorney, UNITED STATES ATTORNEY'S OFFICE, DISTRICT OF DELAWARE, Wilmington, Delaware.
Attorney for Plaintiff.

Joseph A. Canuso, Esquire, Philadelphia, Pennsylvania.
Attorney for Defendant.

---

**MEMORANDUM OPINION**

September 27, 2005
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Defendant's Motion To Suppress Evidence (D.I. 73). For the reasons discussed, the motion will be denied.

## I. Background

On December 15, 2004, Judge Faith M. Angell of the Eastern District of Pennsylvania issued search warrants for four residences located in Philadelphia, Pennsylvania: 1331 Howell Street, Apartments F-21 and G-22 at 8221-8223 Roosevelt Boulevard ("8221-8223 Roosevelt Boulevard"), and 9352 Neil Road, Apartment A ("9352 Neil Road"). Information in the affidavit for the warrants was based on surveillance conducted between November 17, 2004 and December 12, 2004 by Drug Enforcement Administration ("DEA") Special Agents Michael J. Laravia, Michael J. Machak, and Mark T. McHugh. The surveillance focused on the suspected drug-trafficking activities of Anthony Copeland and Kevin White, both located in Wilmington, Delaware.

During surveillance, the agents observed a maroon minivan, driven by Alberto Olmo-Estrada, make approximately 17 trips from Philadelphia to Wilmington, where packages would be delivered to Copeland and/or White. Upon receiving the packages, Copeland would store them in the trunk of an Oldsmobile Cutlass. On December 10, 2004, the agents again witnessed the maroon minivan

1

arrive in Wilmington and observed a transaction between the driver of the minivan and Copeland. The agents obtained a warrant to search the Oldsmobile Cutlass and seized it, discovering approximately 100 grams of heroin.

Between trips to Wilmington, the maroon minivan was seen going between four different residences in Philadelphia: 1331 Howell Street, 8221-8223 Roosevelt Boulevard (two apartments), and 9352 Neil Road (Defendant's residence).

Additionally, the Court finds the following facts are pertinent to Defendant's Motion to Suppress Evidence:

1. On November 27, 2004, Olmo-Estrada parked an Infiniti Sedan at 8221-8223 Roosevelt Boulevard. The car is registered to Cesar Rodriguez, who lives at 1331 Howell Street. During surveillance, agents twice saw the same car parked outside of 9352 Neil Road. When Olmo-Estrada left, he took the maroon van, rather than the Infiniti.

2. On November 29, 2004, surveillance officers saw the maroon minivan leaving Scotchbrook Townhome Community where 9352 Neil Road is located. The driver then went to 8221-8223 Roosevelt Boulevard, stayed for one-half hour, and then went on to 1331 Howell Street. The driver entered the building with an empty shopping bag and left the building twenty minutes later with a heavy bag. Later that evening, the minivan was seen on the 9300

block of Neil Road.

3. On November 30, 2004, the minivan made another trip to Wilmington to deliver a package to Copeland. Hours later, the minivan was observed entering the Scotchbrook Townhome Community. Upon leaving, the driver returned to 1331 Howell Street.

4. On December 4, 2004, around 3:30p.m., surveillance officers observed a black Range Rover with two occupants at 1331 Howell Street. Police officers determined that they were Defendant and Olmo-Estrada.

At 5:29p.m., surveillance officers intercepted a phone call from Copeland to a customer saying that he would not be "ready" until 7:00p.m. Two minutes later, the maroon minivan was seen entering Scotchbrook Townhome Community. Less than one-half hour later, the minivan was observed traveling south on I-95 to Wilmington.

At 8:19p.m., the black Range Rover was seen parked outside of 9352 Neil Road.

5. On December 5, 2004, Defendant and Olmo-Estrada arrived together at 1331 Howell Street with two women.

6. On December 8, 2004 at 7:50p.m., a delivery was made to Copeland and White in the minivan. At 8:50p.m., the officers witnessed the maroon minivan park at 9352 Neil Road. At 9:00p.m., the minivan left Scotchbrook Townhome Community.

3

7. On December 10, 2004, approximately two and one-half hours after a delivery was made to Wilmington, the minivan was seen at 9352 Neil Road. Ten minutes later, the van returned to 1331 Howell Street.

8. On December 12, 2004, officers saw Cesar Rodriguez arrive in a Ford Taurus and enter 8221-8223 Roosevelt with two women. That evening, the Ford Taurus was found parked at 9352 Neil Road.

9. On the morning of December 13, 2004, the Ford Taurus was again observed at 9352 Neil Road. That same day, the black Range Rover was parked near 8221-8223 Roosevelt Boulevard, left for a few minutes, returned, then left again shortly thereafter.

Later that evening, the maroon minivan met Copeland in Wilmington and then drove to 9352 Neil Road, where it remained for only eight minutes.

## II. Parties' Contentions

Defendant contends that there was no probable cause to believe that Defendant was involved in illegal activity or that his residence might contain evidence of a crime. As a result, Defendant contends that any searches of Defendant or his residence were illegal and that all physical evidence and statements obtained as a result should be suppressed.

The Government contends that there was probable cause to believe that Defendant was involved in illegal activity and that

Defendant's house contained the fruits and instrumentalities of a crime. The Government further contends that the Magistrate Judge had a substantial basis for finding probable cause. Finally, the Government argues that even if the Magistrate Judge did not have a substantial basis, the officers relied in good faith on the warrant, and thus, any evidence and statements obtained should not be suppressed.

## III. Discussion

### A. Whether the Magistrate Judge had a substantial basis for finding probable cause to believe that 9352 Neil Road contained evidence of a crime

Prior to issuing a search warrant, a magistrate judge must find that there is probable cause to believe that the place to be searched contains evidence of crime. Illinois v. Gates, 462 U.S. 213, 239 (1983). This requires the Magistrate Judge to "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit...there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238. To aid in this decision, a magistrate judge is permitted to give considerable weight to observations made and inferences drawn by experienced law enforcement officials. United States v. Whitner, 219 F.3d 289, 296 (3d Cir. 2000).

If an issued warrant is later challenged, the reviewing

court must determine whether the magistrate judge had a substantial basis for finding probable cause. United States v. Hodge, 246 F.3d 301, 305 (3d Cir. 2001)(citing Gates, 462 U.S. at 236). In determining whether the magistrate judge had a substantial basis, the magistrate judge's determination of probable cause is given great deference. United States v. Ninety-Two Thousand Four Hundred Twenty-Five Dollars and Fifty-Seven Cents, 307 F.3d 137, 146 (3d Cir. 2002).

The Court concludes that the Magistrate Judge had a substantial basis for finding probable cause to believe that there would be evidence of a crime at 9352 Neil Road. First, the Magistrate Judge had a substantial basis for finding that money from the drug transactions in Wilmington was being delivered to 9352 Neil Road. From their experience, the surveillance officers knew that when drugs are delivered, cash is given in exchange. A few times, the officers witnessed such an exchange between the driver of the maroon minivan and the individuals in Wilmington. Additionally, officers saw the maroon minivan, which police confirmed was carrying drugs from Philadelphia to Wilmington, at or near 9352 Neil Road. These visits were brief and on four occasions, occurred immediately or shortly after the deliveries to Wilmington.

The Magistrate Judge also had a substantial basis for finding that Defendant was connected to the Philadelphia-

Wilmington drug activity. While Defendant's involvement is not directly linked to his residence at 9352 Neil Road, a magistrate judge can consider the fact that a person involved with drug trafficking would store evidence of crime at his residence. Hodge, 246 F.3d at 306-07. In this regard, cars and people associated with the Philadelphia-Wilmington drug activity were seen at Defendant's residence or with Defendant. Specifically, the Ford Taurus observed at 8221-8223 Roosevelt Boulevard was observed outside of 9352 Neil Road. Also, the black Range Rover, in which Olmo-Estrada and Defendant had been observed, was seen outside of 9352 Neil Road and outside 8221-8223 Roosevelt Boulevard. Finally, Defendant was observed twice in the company of Olmo-Estrada, the driver of the maroon minivan. One of those times, Defendant and Olmo-Estrada were seen entering 1331 Howell Street together.

    The fact that Defendant was involved with known drug traffickers, combined with the reasonable inference that drug money was being delivered to 9352 Neil Road, leads the Court to conclude that the Magistrate Judge had a substantial basis for finding probable cause to believe that there was evidence of crime, most likely cash from the sale of drugs, at 9352 Neil Road. Accordingly, Defendant's Motion to Suppress Evidence on the basis of an invalid warrant (D.I. 73) will be denied.

    B.   <u>Whether law enforcement officers acted in good faith in relying on the Magistrate Judge's determination of probable cause</u>

If the Court were to conclude that the Magistrate Judge did not have a substantial basis for finding probable cause, Defendant would need to demonstrate that the officers did not act in good faith in relying on the Magistrate Judge's determination of probable cause. <u>United States v. Leon</u>, 468 U.S. 897, 922 n.23 (1984) (explaining the good-faith exception to the exclusionary rule). Lack of good faith is difficult to prove because "[t]he mere existence of a warrant typically suffices to prove that an officer conducted a search in good faith and justifies application of the good faith exception." <u>Hodge</u>, 246 F.3d at 307-08(citing <u>Leon</u>, 468 U.S. at 922).

There are four situations in which the good-faith exception does not apply:

> (1) the magistrate issued the warrant in reliance on a deliberately or recklessly false affidavit;
> (2) the magistrate abandoned his judicial role and failed to perform his neutral and detached function;
> (3) the warrant was based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or
> (4) the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.

<u>United States v. American Investors of Pittsburgh, Inc.</u>, 879 F.2d 1087, 1106-1107 (3d Cir. 1989) (citing <u>United States v. Medlin</u>, 798 F.2d 407 (10th Cir. 1986)(quoting <u>Brown v. Illinois</u>, 422 U.S.

8

590, 610-11 (1975)(Powell, J., concurring))(citations omitted).

In this case, Defendant does not contend that the affidavit was deliberately or recklessly falsified. Defendant also does not contend that the Magistrate Judge abandoned her role or that the warrant failed the particularity requirement. Thus, Defendant is left with the contention that the warrant lacked probable cause to the extent that a reasonable officer could not believe that there was probable cause. To establish this contention, Defendant must show "that the Magistrate Judge's error was so obvious that a law enforcement officer, without legal training, should have realized, upon reading the warrant, that it was invalid and should thus have declined to execute it." <u>Ninety-Two Thousand Four Hundred Twenty-Two Dollars & Fifty-Seven Cents</u>, 307 F.3d at 146.

The Court concludes that the Magistrate Judge had a substantial basis for finding probable cause to believe that 9352 Neil Road contained evidence of a crime, based on the investigative facts asserted in the affidavit presented to her. Thus, the Court concludes that the officers, based on their investigation and observations would have no reason to believe the issued warrant was invalid, and therefore, the officers acted in good faith in relying on the Magistrate Judge's determination.

9

IV. Conclusion

For the reasons discussed, the Court concludes that the Magistrate Judge had a substantial basis for finding probable cause to believe that 9352 Neil Road contained evidence of a crime. Additionally, the Court concludes that, based on the facts asserted in support of the warrant, the officers acted in good faith in relying on the warrant to search Defendant's house and person. Accordingly, Defendant's Motion To Suppress Evidence (D.I. 73) will be denied.

An appropriate order will be entered.