UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA, :
  :
    Plaintiff, :
  :
v. :Criminal Action No. 04-144-6-JJF
  :
JESUS SARRAGA-SOLANA, :
  :
    Defendant. :

Colm Connolly, Esquire, United States Attorney, and Adam Safwat, Esquire, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, DISTRICT OF DELAWARE, Wilmington, Delaware. Attorneys for the Government.

Joseph A. Canuso, Esquire, Philadelphia, Pennsylvania. Attorney for Defendant.

**MEMORANDUM OPINION**

May 18, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Defendant's Motion For Mistrial. For the reasons discussed, the Motion will be denied.

## I. BACKGROUND

On January 13, 2005, Defendant was charged with several counts, which stemmed from a drug-trafficking conspiracy. On September 23, 2005, shortly before going to trial, the Government filed a Motion In Limine (D.I. 234), requesting the Court to rule that testimony from Anthony Copeland, a co-conspirator, regarding Defendant's prior drug transactions with Mr. Copeland, was admissible. The Court ruled that this evidence was inadmissible due to its lack of probative value and its prejudicial nature. (D.I. 250).

Defendant's trial began on October 5, 2005, and it lasted three days. On the first day, the Government called Mr. Copeland as a witness. On cross-examination, defense counsel, Joseph Canuso, had the following exchange with Mr. Copeland:

| | |
|---|---|
| CANUSO: | And in 2001 you got charged with possession of drug paraphernalia and maintaining vehicle for keeping controlled substances; is that right? |
| COPELAND: | Yes. That's the drugs I received from your client. |
| CANUSO: | I'm sorry. |
| COPELAND: | Those were the drugs I received from your client in 2001. |

(D.I. 309 at 54-55).

1

Mr. Canuso moved for a mistrial, arguing that Mr. Copeland's statements were inadmissible due to the Court's rulings on the Government's Motion In Limine. The Court reserved decision on Mr. Canuso's mistrial motion. After three days of trial, the jury convicted Defendant of conspiracy to distribute over one kilogram of heroin and aiding and abetting the possession with intent to distribute over 100 grams of heroin.

## II.  PARTIES' CONTENTIONS

By his Motion, Defendant contends that Mr. Copeland's statements were so prejudicial that a mistrial is warranted. Defendant also contends that the admissible evidence against him was merely circumstantial and speculative.

In response, the Government contends that Mr. Copeland's statements were isolated and the other evidence presented was substantial. The Government further contends that Mr. Canuso was warned about the underlying facts related to the 2001 conviction and, therefore, should have avoided asking questions that would lead to an answer like the one given by Mr. Copeland.

## III. DISCUSSION

In determining whether to grant a motion for mistrial, which is based upon a prosecution witness's allegedly prejudicial statement, the Court is guided by three factors: "(1) whether [the witness's] remarks were pronounced and persistent, creating a likelihood they would mislead and prejudice the jury, (2) the

strength of the other evidence, and (3) curative action taken by the district court." United States v. Davis, 397 F.3d 173, 180 (3d Cir. 2005) (citing United States v. Xavier, 2 F.3d 1281, 1285 (3d Cir. 1993)).

The Court concludes that Defendant was not unduly prejudiced by Mr. Copeland's statements. First, the Court concludes that the statements were not pronounced or persistent. The inadmissible testimony consisted of two short statements, and there were two statements only because Mr. Canuso suggested that Mr. Copeland repeat himself.

Second, the Court concludes that the other evidence offered against Defendant was substantial. For example, some of the evidence offered against Defendant includes:

- intercepted conversations between Mr. Copeland and Defendant regarding the quantity and quality of the heroin;
- the testimony of another co-conspirator, who was part of the packaging operation, that Defendant would bring the heroin to the drug-packaging apartments;
- a "kilo wrapper" seized from Defendant's apartment;
- Defendant's association with the courier who took drugs from Philadelphia to Wilmington; and
- leases for the drug-packaging apartments that were in one of Defendant's pseudonyms.

(D.I. 350 at 4-7).

Finally, the Court concludes that the lack of a specific curative instruction regarding Mr. Copeland's two responses does not warrant the granting of a mistrial. Furthermore, Defendant

3

declined to request a specific curative instruction during the charging conference (D.I. 314 at 84-85).

Defendant contends that the instant action can be distinguished from Xavier, because in Xavier, the witness made derogatory statements about the defendant and did not implicate him in another crime. Defendant also contends that the instant action can be distinguished from Davis, because in Davis, the Court found that the statement was responsive and not malicious.

While the Court agrees that the facts of Xavier differ from the facts of the instant case, the Court believes that the instant case is similar to Davis. In Davis, defense counsel was questioning a prosecution witness when he evoked two responses that suggested the defendant, who was being tried for gun and drug law violations, had previously been involved with drugs and guns. Davis, 397 F.3d at 179-80. The district court gave a general curative instruction that the jury should disregard other misconduct unconnected to the issues at trial. Id. at 181. The Third Circuit declined to grant a mistrial, concluding that the two responses were neither pronounced nor persistent, there was other significant evidence against the defendant, and the general curative instruction was sufficient. Id. at 180-81.

In this case, Mr. Canuso was cross-examining a prosecution witness when he received a response that suggested Defendant's previous involvement with drugs. There is no evidence that the

4

statements were made maliciously. As in Davis, the Court concludes that, because the statements were not persistent, there was a significant amount of admissible evidence against Defendant, and the Court gave a general curative instruction, Defendant was not so unduly prejudiced as to warrant a mistrial. Accordingly, the Court will deny Defendant's Motion For Mistrial.

IV. CONCLUSION

For the reasons discussed, Defendant's Motion For Mistrial will be denied.

An appropriate Order will be entered.