IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 04-144-JJF-6 |
| | : | |
| | : | Civil Action No. 09-140-JJF |
| JESUS SARRAGA-SOLANA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

David C. Weiss, Esquire, United States Attorney and Seth M. Beausang, Esquire, Assistant United States Attorney of the UNITED STATES DEPARTMENT OF JUSTICE, Wilmington, Delaware.

Attorney for Plaintiff.

Jesus Sarraga-Solana, <u>Pro</u> <u>Se</u> Defendant.

**MEMORANDUM OPINION**

March 30, 2010

Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (D.I. 444) filed by Defendant, Jesus Sarraga-Solana. For the reasons set forth below, Defendant's Section 2255 Motion will be denied.

## I.    BACKGROUND

On January 13, 2005, Defendant and others were indicted by a federal grand jury in a multi-count Superceding Indictment. In particular, Defendant was charged with conspiring to distribute 1 kilogram or more of heroin in violation of 21 U.S.C. §§ 846 & 841(a)(1) & (b)(1)(A) (Count One), and possession of 100 grams or more of heroin with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) (Count VII). Defendant moved to suppress evidence seized from his residence, and the Court denied Defendant's motion.

Defendant was tried before a jury and convicted on October 7, 2005. Defendant was sentenced on September 7, 2006, to 360 months imprisonment.

On appeal, Defendant challenged only the Court's denial of his motion to suppress. United States v. Sarraga-Solana, 263 Fed. Appx. 227 (3d Cir. Jan. 29, 2008). The Third Circuit denied Defendant's appeal.

1

Thereafter, Defendant filed the instant Section 2255 Motion listing four grounds for relief; however, Defendant's claims can essentially be broken down into two groups. First, Defendant contends that his trial counsel was constitutionally ineffective because he failed to advise Defendant as to all the facts and law relevant to Defendant's decision to plead not guilty and go to trial. Defendant contends that if he had been properly advised, he would not have gone to trial and would have pled guilty and received several downward adjustments in his sentence, rather than an upward adjustment for obstruction of justice based on his attempts to influence a Government witness.

Defendant also contends that counsel was ineffective during sentencing and on direct appeal for failing to raise an argument pertaining to his sentence. In particular, Defendant contends that counsel failed to investigate the Supreme Court dockets in Clairborne v. United States, 549 U.S. 1016 (2006) and Gall v. United States, 552 U.S. 38 (2007), and failed to argue that the Court did not need "extraordinary circumstances" to deviate from the Guideline range and sentence Defendant to the lower end of the Guideline range. The Government has filed an Answer to Defendant's Section 2255 Motion alleging that Defendant is not entitled to relief. Defendant has also filed a Traverse (D.I. 466) replying to the Government's Answer.

**DISCUSSION**

## I.    Evidentiary Hearing

Pursuant to Rule 8(a) of the Rules Governing Section 2255
Proceedings, the Court should consider whether an evidentiary
hearing is required in this case.  After a review of Defendant's
Motion, the Government's response, and the record in this case,
the Court concludes that it can fully evaluate the issues
presented by Defendant, and the record conclusively establishes
that Defendant is not entitled to relief.  Accordingly, the Court
concludes that an evidentiary hearing is not required.  United
States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005).

## II.   Ineffective Assistance Of Counsel

To succeed on an ineffective assistance of counsel claim, a
defendant must satisfy the two-part test set forth by the United
States Supreme Court in Strickland v. Washington, 466 U.S. 668
(1984).  The first prong of the Strickland test requires a
defendant to show that his or her counsel's errors were so
egregious as to fall below an "objective standard of
reasonableness."  Id. at 687-88.  In determining whether
counsel's representation was objectively reasonable, "the court
must indulge a strong presumption that counsel's conduct falls
within the wide range of reasonable professional assistance."
Id. at 689.  In turn, the defendant must "overcome the
presumption that, under the circumstances, the challenged action

3

'might be considered sound ... strategy.' " Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Under the second prong of Strickland, the defendant must demonstrate that he or she was actually prejudiced by counsel's errors, meaning that there is a reasonable probability that, but for counsel's faulty performance, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 692-94. To establish prejudice, the defendant must also show that counsel's errors rendered the proceeding fundamentally unfair or unreliable. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

A. Pretrial Proceedings

With respect to the pretrial proceedings, Defendant contends that if he had been fully advised of the facts and law, he would have pled guilty to the charges against him rather than proceeding to trial. Examining the record as it pertains to Defendant's claim, the Court concludes that Defendant cannot establish prejudice as required by Strickland. In reaching this conclusion, the Court finds that the record conclusively demonstrates that Defendant would not have entered into a guilty plea for several reasons. First, Defendant maintained his innocence throughout the proceedings telling the Court in a letter that he had been "falsely accused of being a target in a major narcotics drug operation." (D.I. 142). Defendant also states in his Section 2255 Motion, "In actual fact, Mr. Sarraga-

4

Solana believed he had a good chance of winning at trial . . . ."
(D.I. 444 at 71).  In addition, the record demonstrates that
Defendant wished to appeal the Court's denial of his motion to
suppress and went to trial to preserve that right.  (D.I. 466;
Exh. A at 13).  Accordingly, the Court concludes that Defendant
cannot establish that but for counsel's alleged deficient
conduct, he would have entered a guilty plea.  See e.g. U.S. v.
Davis, 2010 WL 724370, *4 & n.2 (D. Del. Mar. 2, 2010).

     To the extent Defendant contends that counsel was deficient
for failing to advise him of the possibility that he could enter
a conditional guilty plea, the Court likewise concludes that
Defendant cannot establish ineffective assistance of counsel.
Rule 11(a)(2) requires the consent of the Court and the
Government to a conditional plea agreement.  See United States v.
Williams, 1999 WL 1212883, at *5 (D.D.C. Oct. 25, 1999) ("Because
counsel is essentially powerless to effectuate a conditional
plea, [any] alleged neglect to either advise defendant of the
possibility of such a plea and or negotiate one on his behalf
would not qualify as deficient performance under Strickland' s
first prong.").  Defendant has not demonstrated that either the
Court or the Government would have consented to the entry of such
a conditional agreement.  See e.g., U.S. v. Okafor, 49 Fed Appx.
353, 356 (2d Cir. 2002); U.S. v. Jones, 2009 WL 424469 (N.D. Ill.
Feb. 19, 2009).  Indeed, the Government did not make a plea offer

in this case. Further, Defendant's claim is speculative, and
therefore, is insufficient to establish prejudice as required by
Strickland.[1]  See e.g., Killian v. United States, 2007 WL
2491053, *3 (W.D.N.C. Aug. 28, 2007) (holding that failure to
advise a client of the possibility of entering a conditional
guilty plea "fails to satisfy the prejudice prong" of
Strickland).

B.    Sentencing and Direct Appeal

Defendant next contends that counsel was constitutionally
ineffective for failing to argue at sentencing and on direct
appeal that the District Court did not need "extraordinary
circumstances" to sentence Defendant at the low end of the
Guideline range or to vary from the Guideline range.  Defendant
bases his argument on Gall, which was decided after his
sentencing.  However, Defendant contends that counsel should have
anticipated the holding in Gall because the same issue was before
the Supreme Court in Claiborne, which was dismissed as moot
because the defendant had died.

---

[1]     Moreover, the possibility of entering into a
conditional guilty plea was directly contrary to Defendant's
repeated claims of innocence.  In such circumstances, courts have
held that counsel was not ineffective for failing to inform the
client about the possibility of entering a conditional guilty
plea.  See e.g. U.S. v. Gordon, 979 F. Supp. 337, 341-342 (E.D.
Pa. 1997) ("[I]t stretches common sense to impose on a lawyer the
affirmative duty to canvass options which the lawyer knows are
directly contrary to the client's wishes.")

6

The Court concludes that Defendant cannot establish ineffective assistance of counsel based upon counsel's failure to raise the Gall decision. In Gall, the Supreme Court held that "extraordinary circumstances" are not required to justify a sentence outside the Guideline range. 552 U.S. at 595. However, the Third Circuit has held that Gall did not effectuate any change in Third Circuit law. See United States v. Wise, 515 F.3d 207, 216 (3d Cir. 2008) ("The Supreme Court's opinion in Gall reemphasizes the post-Booker sentencing structure set forth in this Court's precedent."). Accordingly, the Court cannot conclude that counsel was deficient for failing to anticipate Gall. Further, the Court concludes that an argument under Gall at sentencing or on direct appeal would not have changed the outcome of the proceedings, and therefore, Defendant cannot establish prejudice. The record in this case reflects that the Court did not consider itself bound by the Guideline range in sentencing Defendant, and that the Court undertook an individualized analysis of the Section 3553(a) factors in imposing Defendant's sentence. In these circumstances, Defendant cannot demonstrate that his sentence would have been different had the Court considered Gall, and cannot demonstrate that the Third Circuit, on direct appeal, would have found the Court's sentence to be unreasonable given that the Court followed Third Circuit precedent in determining Defendant's sentence. Further,

7

the Court notes that Defendant's sentence was within the
Guideline range, and such sentences are afforded great deference.
United States v. Rita, 551 U.S. 338, (2007); United States v.
Lessner, 498 F.3d 185, 204 (3d Cir. 2007). Accordingly, the
Court concludes that Defendant cannot establish that counsel was
constitutionally ineffective before this Court during his
sentencing or on direct appeal.

## IV. Certificate Of Appealability

The Court may issue a certificate of appealability only if
Defendant "has made a substantial showing of the denial of a
constitutional right." 28 U.S.C. § 2253(c)(2). In this case,
the Court has concluded that Defendant is not entitled to relief
on his claims, and the Court is not convinced that reasonable
jurists would debate otherwise. Because Defendant has not made a
substantial showing of the denial of a constitutional right, the
Court declines to issue a certificate of appealability for
Defendant's claims.

## CONCLUSION

For the reasons discussed, the Court will deny Defendant's
Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct
Sentence By A Person In Federal Custody and decline to issue a
certificate of appealability.

An appropriate Order will be entered.